IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Linda Kidwell, Walter P. Paramski, Jr., and | ) | |
| L&W Real Estate Management, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 20CV4744 |
| | ) | |
| Village of Antioch, Illinois, Gerald T. Johnson, | ) | |
| individually, and in his official capacity as a | ) | |
| Member of the Board of Trustees of the Village of | ) | |
| Antioch, Illinois, Daniel F. Yost, individually, and | ) | |
| in his official capacity as a Member of the Board | ) | |
| of Trustees of the Village of Antioch, Illinois, | ) | |
| Edward A. Macek, individually, and in his official | ) | |
| capacity as a Member of the Board of Trustees of | ) | |
| the Village of Antioch, Illinois, Scott A. Pierce, | ) | |
| individually, and in his official capacity as a | ) | |
| Member of the Board of Trustees of the Village of | ) | |
| Antioch, Illinois, Ted P. Poulos, individually, and | ) | |
| in his official capacity as a Member of the Board | ) | |
| of Trustees of the Village of Antioch, Illinois, | ) | |
| Mary C. Dominiak, individually, and in her | ) | |
| official capacity as a Member of the Board of | ) | |
| Trustees of the Village of Antioch, Illinois, and | ) | |
| Lawrence M. Hanson, individually, and in his | ) | |
| official capacity as Mayor of the Village of | ) | |
| Antioch, Illinois, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COME the Plaintiffs, Linda Kidwell, Walter P. Paramski, Jr., and L&W Real

Estate Management, LLC, by and through their attorney, James T. Harrison of Harrison Law

Offices, P.C., and complaining of the Defendants, Village of Antioch, Illinois, (hereinafter

"Defendant Village"), Gerald T. Johnson, individually, and in his official capacity as a Member

of the Board of Trustees of the Village of Antioch, Illinois, Daniel F. Yost, individually, and in

his official capacity as a Member of the Board of Trustees of the Village of Antioch, Illinois, Edward A. Macek, individually, and in his official capacity as a Member of the Board of Trustees of the Village of Antioch, Illinois, Scott A. Pierce, individually, and in his official capacity as a Member of the Board of Trustees of the Village of Antioch, Illinois, Ted P. Poulos, individually, and in his official capacity as a Member of the Board of Trustees of the Village of Antioch, Illinois, Mary C. Dominiak, individually, and in her official capacity as a Member of the Board of Trustees of the Village of Antioch, Illinois, and Lawrence M. Hanson, individually, and in his official capacity as Mayor of the Village of Antioch, Illinois, states and alleges as follows:

## PARTIES

1.      At all times relevant hereto, the Plaintiff, Linda Kidwell, was an adult resident of Lake County, Illinois.

2.      At all times relevant hereto, the Plaintiff, Walter P. Paramsky, Jr., was an adult resident of Lake County, Illinois.

3.      At all times relevant hereto, the Plaintiff, L&W Real Estate Management, LLC, was an Illinois Limited Liability Corporation, organized pursuant to the laws of the State of Illinois, with its principal place of business being at 22126 West North Avenue, in the Village of Antioch, Lake County, Illinois.

4.      At all times relevant hereto, the Defendant, Village of Antioch, Illinois, was a municipal corporation, organized pursuant to the laws of the State of Illinois, with its principal place of business being at 874 Main Street, Antioch, Illinois.

5.      At all times relevant hereto, the Defendant, Gerald T. Johnson, (hereinafter "Defendant Johnson") was an adult resident of the Village of Antioch, County of Lake, State of

Illinois.  At all time relevant hereto, Defendant Johnson was a duly elected Member of the Board of Trustees of the Village of Antioch, Illinois.   Defendant Johnson is sued in his individual and official capacities.

6.     At all times relevant hereto, the Defendant, Daniel F. Yost, (hereinafter "Defendant Yost") was an adult resident of the Village of Antioch, County of Lake, State of Illinois. At all time relevant hereto, Defendant Yost was a duly elected Member of the Board of Trustees of the Village of Antioch, Illinois.   Defendant Yost is sued in his individual and official capacities.

7.     At all times relevant hereto, the Defendant, Edward A. Macek, (hereinafter "Defendant Macek"), was an adult resident of the Village of Antioch, County of Lake, State of Illinois.  At all time relevant hereto, Defendant Macek was a duly elected Member of the Board of Trustees of the Village of Antioch, Illinois.   Defendant Macek is sued in his individual and official capacities.

8.     At all times relevant hereto, the Defendant, Scott A. Pierce, (hereinafter "Defendant Pierce"), was an adult resident of the Village of Antioch, County of Lake, State of Illinois. At all time relevant hereto, Defendant Pierce was a duly elected Member of the Board of Trustees of the Village of Antioch, Illinois.   Defendant Pierce is sued in his individual and official capacities.

9.     At all times relevant hereto, the Defendant, Ted P. Poulos, (hereinafter "Defendant Poulos"), was an adult resident of the Village of Antioch, County of Lake, State of Illinois.  At all time relevant hereto, Defendant Poulos was a duly elected Member of the Board of Trustees of the Village of Antioch, Illinois.   Defendant Poulos is sued in his individual and official capacities.

10.     At all times relevant hereto, the Defendant, Mary C. Dominiak, (hereinafter "Defendant Dominiak"), was an adult resident of the Village of Antioch, County of Lake, State of Illinois.  At all time relevant hereto, Defendant Dominiak was a duly elected Member of the Board of Trustees of the Village of Antioch, Illinois.   Defendant Dominiak is sued in her individual and official capacities.

11.     At all times relevant hereto, the Defendant, Lawrence M. Hanson, (hereinafter "Defendant Hanson"), was an adult resident of the Village of Antioch, County of Lake, State of Illinois.  At all time relevant hereto, Defendant Hanson was the duly elected Mayor of the Village of Antioch, Illinois.   Defendant Hanson is sued in his individual and official capacities.

## JURISDICTION

12.     This Complaint contains three counts:  Count I is brought pursuant to 42 U.S.C. Section 1983 and seeks redress for the deprivation of Plaintiffs' procedural due process rights. The Court has original jurisdiction over Count I pursuant to 28 U.S.C. § 1331 – Federal question jurisdiction.  Count II is brought pursuant to 42 U.S.C. Section 1983 and seeks redress for the deprivation of Plaintiffs' substantive property rights secured by the Constitution.  The Court has original jurisdiction over Count II pursuant to 28 U.S.C. § 1331 – Federal question jurisdiction. Count III is brought pursuant to Illinois Common Law and seeks redress against the Defendant Village and Defendants Gerald T. Johnson, Daniel F. Yost, Edward A. Macek, Scott A. Pierce, Ted P. Poulos, Mary C. Dominiak, and Lawrence M. Hanson, for conspiracy to deprive Plaintiffs of their property rights.  The Court has jurisdiction over Count III pursuant to 28 U.S.C. § 1367 – Supplemental jurisdiction.

4

**FACTS**

13.     At all time relevant hereto, the Defendant Village adopted and utilized the Village of Antioch, Illinois, Village Code, (hereinafter "Village Code"), which codified the Defendant Village's Ordinances, including the Defendant Village's Zoning Ordinance (hereinafter "Zoning Ordinance").

**Parcel A**

14.     At all times relevant hereto, the Plaintiffs owned a vacant parcel of real estate located on Drom Court in the Village of Antioch, Illinois, bearing permanent property index number 0208201084, and consisting of 3.86 acres, more or less, hereinafter referred to as "Parcel A".

15.     At all times relevant hereto, Parcel A was zoned "M-1 – Limited Manufacturing District" under the Village of Antioch's Zoning Ordinance.

16.     At all times relevant hereto, the M-1 zoning classification permitted outdoor storage yards, including truck, tractor, trailer and bus storage, subject to site plan approval by the Village code enforcement official.

17.     At all times relevant hereto, the Plaintiffs intended to utilize Parcel A for outdoor trailer storage in connection with Plaintiffs' business, Anita Self Storage, as permitted under the M-1 zoning classification in the Zoning Ordinance.

**Drom Court is a Designated Truck Route**

18.     At all times relevant hereto, §7-3-16(A) of the Antioch Village Code provided:

"Certain roads within the village are, by their location, design and construction, amendable to vehicular traffic including heavy and/or large trucks, whereas other local roads are not capable of accommodating these vehicles safely, and the road could be unduly damaged by such traffic.  For these reasons, the village adopts and designates certain truck routes as the appropriate roads for truck traffic."

19.     At all times relevant hereto, pursuant to §7-3-16(B) of the Antioch Village Code, Drom Court was a designated truck route in the Village of Antioch, Illinois.

20.     At all times relevant hereto, pursuant to §7-3-16(B) of the Antioch Village Code, Anita Street was a designated truck route in the Village of Antioch, Illinois.

21.     At all times relevant hereto, the properties along Drom Court consisted of multiple uses, including manufacturing/industrial, commercial, multi-family residential, and single family residential uses.

## Parcel B

22.     At all times relevant hereto, the Plaintiffs owned a parcel of real estate located on Drom Court in the Village of Antioch, Illinois, bearing permanent property index number 0208201041, hereinafter referred to as "Parcel B".

23.     At all times relevant hereto, Parcel B was zoned "M-1" under the Village of Antioch "Limited Manufacturing District" zoning classification.

24.     At all times relevant hereto, Parcel B was improved with a single structure containing single family residence, a residential studio apartment, and a commercial office unit occupied by Anita Self-Storage.

25.     At all times relevant hereto, Plaintiffs leased Parcel B's residential units to third party tenants and the remainder of Parcel B was occupied by Plaintiffs' business, Anita Self Storage.

## Parcel C

26.     At all times relevant hereto, the Plaintiffs owned a parcel of real estate located on Anita Street in the Village of Antioch, Illinois, bearing permanent property index number 0208201042, hereinafter referred to as "Parcel C".

27.     At all times relevant hereto, Parcel C was zoned "M-1" under the Village of Antioch "Limited Manufacturing District" zoning classification.

28.     At all times relevant hereto, Parcel C was improved with commercial utility/storage buildings.

29.     At all times relevant hereto, Plaintiffs leased one of the commercial buildings on Parcel C to commercial tenants; the remainder of Parcel C was occupied and utilized by Plaintiffs' business, Anita Self Storage.

**Parcel D**

30.     At all times relevant hereto, the Plaintiffs owned a parcel of real estate located on Anita Street in the Village of Antioch, Illinois, bearing permanent property index number 0208201058, hereinafter referred to as "Parcel D".

31.     At all times relevant hereto, Parcel D was zoned "M-1" under the Village of Antioch "Limited Manufacturing District" zoning classification.

32.     At all times relevant hereto, Parcel D was improved with commercial storage buildings containing numerous individual storage units of varying size.

33.     At all times relevant hereto, Plaintiffs utilized Parcels B, C, and D to operate Anita Self Storage, an outdoor storage yard business owned and operated by Plaintiffs.

34.     At all times relevant hereto, an outdoor storage yard was an authorized use under the Village's M-1 zoning classification.

35.     Due to the increasing demand for trailer storage services, in 2017, Plaintiffs retained an engineering firm to render site plans for Parcel A whereby Plaintiffs could improve and expand their trailer storage capacity.

36.    In the spring of 2018, Plaintiffs began clearing Parcel A to accommodate their expansion plan consistent with the site plan created by their engineer.

37.    Thereafter, the Village contacted the Plaintiffs and told them to refrain from working on Plaintiffs' site plan until their site plan was approved by the Village.

38.    The Village also contacted Plaintiffs' materials contractor, Peter Baker and Sons, and directed them not to deliver materials to Plaintiffs' Parcel A.

39.    On or about October of 2018 Plaintiff Kidwell met with Michael Garrigan, the Code Enforcement Official for the Defendant Village, regarding Plaintiffs' plan to expand trailer storage capacity on Parcel A.

40.    Garrigan initially told Plaintiff Kidwell that improving Parcel A with a paved parking lot for trailer storage would be no problem since Parcel A was already zoned M-1 which included the use Plaintiffs were contemplating.

41.    Garrigan also informed Plaintiff Kidwell of the site plan and screening requirements under the Antioch Village Code.  Plaintiff Kidwell cited safety concerns for her customers regarding the screening requirements on the street side of Parcel A.

42.    On or about December 13, 2018, Plaintiff attended a meeting of the Village Zoning Board, (hereinafter "Zoning Board") concerning the safety concerns Plaintiff Kidwell had raised about screening the street side of Parcel A.

43.    During the December 13, 2018 meeting, neighbors on Drom Court were complaining about traffic on Drom Court attributable to "Triple Play Academy," Parcel A's adjacent neighbor to the north.

44.    The Zoning Board tabled Plaintiffs site plan review until the January 10, 2019 meeting of the Zoning Board.

45.     Thereafter, Plaintiff Kidwell engaged in a number of conversations with Michael Garrigan in December 2018 and January 2019, concerning Plaintiffs' site plan and the neighbors' traffic complaints about Triple Play Academy.

46.     Plaintiff reminded Garrigan that the Village was responsible for the traffic issues caused by Triple Play Academy because the Village did not follow its own ordinance on the required number of parking spaces when it issued the permit to Triple Play Action in November of 2018.

47.     During a telephone conversation concerning the site plan, Garrigan told Plaintiff Kidwell that she needed landscaping as part of her site plan; thereafter, Plaintiffs spent additional money to amend their site plan and add landscaping plans for the Parcel A development project.

48.     On January 10, 2019, Plaintiffs appeared before the Zoning Board; Plaintiffs agreed to install lighting as required by the Village Code but raised safety concerns about the screening requirements.

49.     Plaintiffs offered to screen the proposed site in order to get the site plan passed; the Zoning Board suggested that Plaintiffs instead apply for a variance.  The Zoning Board continued the matter to the February 21, 2019 meeting.

50.     On January 24, 2019, Garrigan told Plaintiff Kidwell that the neighbors' complaints about traffic from Triple Play Academy were not helping Plaintiffs' case to get their site plan approved.

51.     On January 25, 2019, Plaintiff Kidwell wrote a letter to Michael Garrigan about the traffic complaints raised by Drom Court neighbors.  Plaintiff Kidwell clarified that the traffic complaints were attributable to Triple Play Academy, not to Plaintiffs' business.

52.     On January 28, 2019, Plaintiff Kidwell wrote a subsequent email to Garrigan reiterating points from her January 25 2019 letter, and notifying Garrigan that she had operated Anita Self Storage for 15 years with no complaints from the neighbors on Drom Court or the neighbors on Anita Street.

53.     Prior to the February 21, 2019 meeting of the Zoning Board, Garrigan requested Plaintiff Kidwell to supply Bob McCarthy, a Zoning Board member, with a copy of a survey of Parcels B, C, and D.  Plaintiff Kidwell told Garrigan that Parcels B, C, and D, had nothing to do with Plaintiffs' request for a variance to the Village Code's privacy screening requirements for Parcel A.

54.     Prior to the February 21, 2019 meeting of the Zoning Board, Plaintiff Kidwell sent out all variance letters to all neighbors entitled to notice under the Village Code, which included only one residential neighbor.

55.     A number of the residential neighbors on Drom Court showed up for the February 21, 2019 meeting of the Zoning Board.  None of the Drom Court neighbors objected to Plaintiffs' requested variance of the screening requirement.

56.     The neighbors each spoke about the use of Drom Court for Plaintiffs' business; the neighbors commented that:

          a)      Additional trailer storage on Parcel A would increase traffic on Drom Court;

          b)      "We don't want her [Plaintiff Kidwell] using our road;"

          c)      None of the neighbors want any of their land condemned in order to widen Drom Court;

      d)      Plaintiffs already had an entrance to their business on Anita Street that could be used to access Parcel A;

      e)      Plaintiffs should install a road across Plaintiffs' properties [Parcels B, C, and D] from Anita Street to Drom Court;

      f)      Plaintiffs and their customers should use the Anita Street entrance to access Parcel A, not Drom Court.

57.      The Zoning Board agreed that Plaintiffs should install a road from Anita Street to Drom Court, (across Parcels B, C, and D), and that traffic to and from Plaintiffs' Parcel A would need to access Parcel A from Anita Street, rather than from Drom Court, the street upon which Parcel A fronts.

58.      The Zoning Board denied Plaintiffs' permit application and request for a variance.

59.      On February 23, 2019, Plaintiff emailed Garrigan and agreed to the Village's specifications for landscaping and lighting.

60.      On February 23, 2019, Garrigan told Plaintiff Kidwell in an email that "The access question is the biggest issue." Plaintiff Kidwell responded "My access will be on Drom Court. I'm zoned. I get access."

61.      On February 25, 2019, Plaintiff Kidwell emailed Garrigan and asked why Plaintiffs' application was turned down at the Zoning Board meeting. Garrigan responded in an email that read: "No support for what you are requesting."

62.      Plaintiff Kidwell notified Garrigan that Plaintiffs wished to appeal the decision of the Zoning Board to the Village Board and requested that Garrigan put her on the March 11, 2019 agenda for the Village Board meeting.

63.     Prior to the March meeting of the Village Board, Plaintiff wrote the Village Trustees a letter informing them of her situation and requesting their assistance to get her application passed.

64.     On March 11, 2019, the Village Board met.  The Village Board's discussion of Plaintiffs' appeal focused on Plaintiffs installing a road from Drom Court to Anita Street (through Parcels B, C, and D).

65.     The Village Board did not allow Plaintiff Kidwell to discuss Plaintiffs' site plan at the meeting and instead told Plaintiff Kidwell to come back to the Village Board when Plaintiffs had drawings of an access road from Drom Court to Anita Street.

66.     The Village Board denied Plaintiffs' appeal and application for a variance at their March 11, 2019 meeting.  Plaintiff Kidwell inquired why Plaintiffs' petition was rejected and was told by the Village Attorney:  "Fire safety; there's only access back to the area, a possible second access road, the utilization of Drom Court, and unhappy neighbors, as well as the screening ordinance."

67.     On or about April of 2019, Plaintiff Kidwell asked Rich Cashmore, a mutual acquaintance of hers and the mayor's, to approach the mayor to see what needed to be done to get their site plan for Parcel A approved.  Cashmore subsequently spoke with Defendant Hanson and asked him what Plaintiff Kidwell needed to do to get site plan approval for Parcel A. Defendant Hanson replied "she needs to put in a road."

68.     On or about April 2019, Plaintiffs retained counsel to petition the Village Board to reconsider Plaintiffs' application to develop the commercial use of Parcel A.

69.     On or about April, 2019, Plaintiff Kidwell and Plaintiffs' counsel met with Garrigan to review Plaintiffs' revised site plan, which included lighting and landscaping plans

and revised engineered drawings. During the April 2019 meeting, Garrigan approved Plaintiffs' site plan and agreed that Plaintiffs' site plan would go to the meeting of the whole of the Village Board on May 22, 2019.

70.     On May 15, 2019, Garrigan notified the Village Board that Plaintiffs had requested reconsideration of the Village Board's March 11, 2019 decision denying the appeal of Plaintiffs' permit application and request for a variance.

71.     In May of 2019, the mayor directed Michael Garrigan and the Fire Chief, Jon Cokefield, to investigate whether emergency vehicles could access Parcel A.

72.     Plaintiff Kidwell met with Garrigan and the Fire Chief at Parcel A. The Fire Chief concluded that there was no problem for emergency vehicles to access Parcel A via Drom Court for emergency purposes.

73.     After the Fire Chief left, Plaintiff spoke with Garrigan. Garrigan insisted that Plaintiffs would have to put in a road through their existing facility or there would be no development of Parcel A.

74.     Garrigan told Plaintiff Kidwell that the Village Board would fight Plaintiffs' use of Drom Court to access Parcel A, that the fight will cost Plaintiffs $100,000, and that it would cost the Village Board nothing.

75.     Plaintiff Kidwell told Garrigan that Plaintiffs are not putting in a road across their other parcels, when Parcel A already abuts Drom Court, a public road and designated truck route.

76.     Garrigan responded that "it would be easier if you just agreed to the Village's demands."

77.     Plaintiff Kidwell told Garrigan that a road would devalue Parcels B, C, and D and that Plaintiffs did not want to tie all of the properties together.

78. Garrigan told Plaintiff Kidwell that the Village would also want an easement agreement for public use of the road, to which Plaintiff Kidwell responded that "there's no way that is ever going to happen."

79. Thereafter, the Defendant Village requested a meeting with Plaintiffs and their counsel in May. Plaintiff Kidwell and her attorney met with Village attorney, Bob Long, Garrigan and Village Administrator, Jim Keim, concerning Plaintiffs' application to expand use of Parcel A,

80. The meeting was entirely about Plaintiffs installing a road through Parcels B, C, and D, in order to access Parcel A from Anita Street. Village Administrator Keim told Plaintiff Kidwell and her attorney that Long, Garrigan, and Keim were "helping her" get her application for a permit passed, and that the only way it would pass would be if Plaintiffs put in a road from Anita Street to Drom Court.

81. Plaintiff considered relenting and drew up a site plan with a road going through Parcels B, C, and D. Plaintiff met with Village Administrator Keim to discuss the plan but the meeting became contentious, Keim terminated the meeting, and Plaintiff Kidwell left without submitting the revised site plan.

82. Plaintiffs' motion for reconsideration was first considered on May 22, 2019, during the Village Board's non-voting 'meeting of the whole.'

83. Plaintiffs counsel tendered a trip generation study (traffic study) to the Village Board. Plaintiffs' counsel also informed the Village Board that the planned use of the property would be the least offensive permitted use under the M-1 zoning classification.

84. During the May 22, 2019 Village Board meeting, Garrigan presented the Planning, Building, and Zoning Department's approval of Plaintiffs' revised site plan. Plaintiffs'

revised site plan did not contain a road from Drom Court through Parcels B, C, and D, to Anita Street.

85.     After Garrigan's presentation at the May 22, 2019 Village Board meeting, the discussion that followed among the Village Board members continued to discuss the notion that Plaintiffs would need to install a road from Drom Court to Anita Street (through parcels B, C, and D) before the Village Board would approve Plaintiffs' site plan.

86.     Plaintiffs' motion for reconsideration of Plaintiffs' appeal and request for a variance was not placed on the agenda for the Village Board's June 2019 meeting.

87.     Plaintiffs' motion for reconsideration of Plaintiffs' appeal and request for a variance was not placed on the agenda for the Village Board's July 2019 meeting either.

88.     Plaintiffs' motion for reconsideration of Plaintiffs' appeal and request for a variance was finally placed on the agenda for the Village Board's August 2019 meeting upon the written insistence of Plaintiffs' then counsel.

89.     At the time of the Village Board's August 2019 meeting, the proposed use of Parcel A was a permitted use under the existing zoning classification, there were no objections to the screening variance that Plaintiff had requested, there were no enforcement actions pending against the Plaintiffs or their properties, Parcel A fronted on Drom Court – a dedicated truck route, and Plaintiffs' site plan had received approval from Garrigan in April 2019.

90.     In preparation for its August 12, 2019 Village Board meeting, the Village Board's staff prepared a draft ordinance granting site plan approval for Anita Self Storage, Plaintiffs' business.  The proposed ordinance stated:

    a.     The Corporate Authorities have concluded and found that the proposed new parking lot, fencing and lighting on the above-referenced property is in general conformance with the Village's Site Plan Review Ordinance as it relates to building materials, design, and landscape buffering.

b.   The Corporate Authorities have concluded and found that the granting of a variance from the strict application of the fencing requirements on the west and south sides of the expanded parking lot is an appropriate variance from the Village's Site Plan regulations in that the west side of the property abuts the Canadian National railway tracks and the south side of the property abuts heavily wooded wetlands.

c.   The Corporate Authorities have concluded and found that the Site Plan approval for this new parking lot and variance will further enhance economic development within the Village and promote the general welfare of the Village and the health, safety and welfare of the residents of the Village.

91.    During the August 12, 2019 meeting of the Village Board, Plaintiffs' counsel addressed each of the issues that had been raised by the Village Board in its March 11, 2019 meeting and in the May 22, 2019 meeting of the whole, including pre-existing traffic conditions on Drom Court unrelated to Plaintiffs' business, Plaintiffs' traffic study showing minimal traffic impact from the proposed development of Parcel A, confirmation of adequate emergency access by the Fire Chief, and photographic evidence showing buses and trucks concurrently using Drom Court without problems.

92.    The Village Board proceeded to review Plaintiffs' request for reconsideration and each of the Trustees present, as well as the Village Mayor, commented about the points raised by Plaintiffs' counsel on reconsideration of Plaintiffs' appeal.

93.    The draft ordinance also stated, in relevant part:

"Staff and the Village Attorney met with an agent of the Petitioner and Attorney Gamrath … and discussed the petition in an effort to resolve issues raised during the prior public hearings, but ultimately were unable to reach agreement on certain material terms which render it impossible for Staff to issue a subsequent report recommending approval or denial of the motion for reconsideration at this time."

94.    The "certain material terms" that the parties could not agree upon, referred to in the draft ordinance, were 1) that Plaintiffs install a roadway from Drom Court, through Parcels

16

B, C, and D, to Anita Street, 2) that the roadway would be installed at Plaintiffs' expense, and 3) that Plaintiffs would grant the Village an easement for public use of the roadway.

95.     Defendant Dominiak called the question for final action by the Village Board on Plaintiffs' site plan; no member of the Village Board made a motion to approve or to deny Plaintiffs' site plan.

96.     The Village Board did not take final action on Plaintiffs' appeal and request for a variance at its August 12, 2019 Village Board meeting.

97.     The Defendant Hanson did not direct the Trustees to take final action on Plaintiffs' appeal and request for a variance at the August 12, 2019 Village Board meeting.

98.     Plaintiffs' motion for reconsideration remains "pending" before the Village Board.

99.     At no time relevant hereto, did the Defendant Village initiate eminent domain proceedings to condemn and acquire from the Plaintiffs, portions of Parcels B, C, and D for public roadway purposes.

100.    At all times relevant hereto, the official conduct of Village Board and the official conduct of the Mayor was directly attributable to the Defendant Village.

**Count I**
**42 U.S.C. § 1983**
**14th Amendment – Procedural Due Process Violation**
**Against the Defendant Village and Defendants Gerald T. Johnson, Daniel F. Yost,**
**Edward A. Macek, Scott A. Pierce, Ted P. Poulos, Mary C. Dominiak, and**
**Lawrence M. Hanson, in their official capacity**

101-200.    Plaintiffs adopt by reference thereto as though fully incorporated herein, paragraphs 1-100 of Plaintiffs' Complaint as paragraphs 101-200 of Count I herein.

201.     Section 1 of the Fourteenth Amendment to the United States Constitution provides, in relevant part:

No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

202.     42 U.S.C. Section 1983 provides that:

'Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.'

203.     At all times relevant hereto, Section 10-2-4 of the Zoning Ordinance identified the duties of the Village Board under the Village zoning ordinance.  In relevant part, Section 10-2-4 of the Zoning Ordinance provided:

" (1)   Jurisdiction. The Village Board shall maintain the following responsibilities and duties under this zoning ordinance:  … (b)  To review and take final action on appeals and variances."

204.     At all times relevant hereto, the Zoning Ordinance created a duty for the Village Board to take final action on Plaintiffs' appeal and request for a variance.

205.     At all times relevant hereto, the Village Board had knowledge of its duty to take final action on Plaintiffs' appeal and request for a variance.

206.     The Village Board breached its duty under the Zoning Ordinance by its failure to take final action on Plaintiffs' appeal and request for a variance.

207.     The Village Board's failure to take final action on Plaintiffs' appeal and request for a variance left Plaintiffs with no permit to develop Parcel A, and no final action by the Village Board to appeal.

208.    At all times relevant hereto, the Zoning Ordinance created procedural rights for Plaintiffs including the right to "final action" by the Village Board on Plaintiffs' appeal and request for a variance.

209.    At all times relevant hereto, the Zoning Ordinance created substantive property rights for Plaintiffs in the permitted uses of their property (Parcel A) under the Zoning Ordinance.

210.    At all times relevant hereto, the procedural rights created by the Zoning Ordinance protected Plaintiffs' substantive property rights pertaining to Parcel A.

211.    At all times relevant hereto, Plaintiffs' procedural and substantive due process rights created under the Zoning Ordinance were protected by the Fourteenth Amendment to the United States Constitution.

212.    The Village Board's failure to take final action on Plaintiffs' appeal and request for a variance violated the Zoning Ordinance.

213.    The Village Board's failure to take final action on Plaintiffs' appeal and request for a variance violated Plaintiffs' rights under the Zoning Ordinance.

214.    The Village Board's failure to take final action on Plaintiffs' appeal and request for a variance was intentional.

215.    The Village Board's failure to take final action on Plaintiffs' appeal and request for a variance deprived Plaintiffs' of their constitutional right to due process guaranteed by the Fourteenth Amendment.

216.    The Village Board's failure to take final action on Plaintiffs' appeal and request for a variance deprived Plaintiffs of the procedural protections of Plaintiffs' substantive property rights under the Zoning Ordinance.

217. As a direct and proximate result of the conduct of the Village Board, the Defendant Village violated local law and failed to apply local law in an equal manner.

218. At all times relevant hereto, the conduct of the Defendant Village, and of the Defendants Gerald T. Johnson, Daniel F. Yost, Edward A. Macek, Scott A. Pierce, Ted P. Poulos, Mary C. Dominiak, and Lawrence M. Hanson, occurred under color of law.

219. As a direct and proximate result of the conduct of the Defendants Gerald T. Johnson, Daniel F. Yost, Edward A. Macek, Scott A. Pierce, Ted P. Poulos, Mary C. Dominiak, and Lawrence M. Hanson, the Defendant Village deprived Plaintiffs' of their property rights without due process of law.

220. As a direct and proximate result of the Village Board's failure to take final action on Plaintiffs' appeal, the Defendant Village caused Plaintiffs to suffer a deprivation of their constitutionally-protected property interests in Parcel A.

221. As a direct and proximate result of the Village Board's failure to take final action on Plaintiffs' appeal, the Defendant Village caused Plaintiffs to suffer damages of a continuing and pecuniary nature, including loss of use of Parcel A, continuing money damages, attorney fees, other professional fees, and other pecuniary losses.

222. The Defendant Village is liable to the Plaintiffs for civil damages and other relief for the violation of Plaintiffs' civil rights.

WHEREFORE, for the foregoing reasons, Plaintiffs pray this Honorable Court grant judgement on their behalf and against the Defendant Village of Antioch, Illinois on Count I of Plaintiffs' Complaint, and grant Plaintiffs the following relief:

- Compensatory damages and in an amount in excess of $100,000;

- Plaintiffs' reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

- Grant Plaintiffs the legal right to the requested permit as a consequence of the concerted activity of the defendant public officials in failing to comply with local law and in failing to apply local law in an equal manner;

- Remand Plaintiffs' appeal to the Village Board with instructions for the Village Board to take final action on Plaintiffs' appeal and request for a variance and to grant Plaintiffs their requested permit;

- Grant Plaintiffs the right to the free use of their property as permitted by law; and,

- For such other and further relief as the Court deems just and proper.

**Count II**
**42 U.S.C. § 1983**
**14th Amendment Substantive Due Process Violation**
**Against the Defendant Village and Defendants Gerald T. Johnson, Daniel F. Yost,**
**Edward A. Macek, Scott A. Pierce, Ted P. Poulos, Mary C. Dominiak, and**
**Lawrence M. Hanson, in their official capacity**

223-322.    Plaintiffs adopt by reference thereto as though fully incorporated herein,

paragraphs 1-100 of Plaintiffs' Complaint as paragraphs 223 through 322 of Count II herein.

323.    Section 1 of the Fourteenth Amendment to the United States Constitution

provides, in relevant part:

No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

324.    42 U.S.C. Section 1983 provides that:

'Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.'

325. At all times relevant hereto, Section 10-2-4 of the Village Code identified the duties of the Village Board under the Village zoning ordinance. In relevant part, Section 10-2-4 of the Zoning Ordinance the Village Code provided:

" (1) Jurisdiction. The Village Board shall maintain the following responsibilities and duties under this zoning ordinance: … (b) To review and take final action on appeals and variances."

326. At all times relevant hereto, the Zoning Ordinance created a duty for the Village Board to take final action on Plaintiffs' appeal and request for a variance.

327. At all times relevant hereto, the Village Board had knowledge of its duty to take final action on Plaintiffs' appeal and request for a variance.

328. The Village Board failed to take final action on Plaintiffs' appeal and request for a variance.

329. The Village Board also failed to take final action on Plaintiffs' request for a variance to the screening requirements of the Zoning Ordinance.

330. The Village Board breached its duty under the Zoning Ordinance by its failure to take final action on Plaintiffs' appeal and request for a variance.

331. At all times relevant hereto, the Zoning Ordinance Parcel A's "M-1" zoning classification provided Plaintiffs with a reasonable expectation of being able to use Parcel A for purposes authorized under the M-1 zoning classification, consistent with the Zoning Ordinance.

332. At all times relevant hereto, the Zoning Ordinance created procedural rights for Plaintiffs including the right to "final action" by the Village Board on Plaintiffs' appeal and request for a variance.

333.    At all times relevant hereto, the Zoning Ordinance created substantive property rights for Plaintiffs in the permitted uses of their property (Parcel A) under the Zoning Ordinance.

334.    At all times relevant hereto, the procedural rights created by the Zoning Ordinance protected Plaintiffs' substantive property rights pertaining to Parcel A.

335.    At all times relevant hereto, Plaintiffs' substantive property rights were protected by the Fourteenth Amendment to the United States Constitution.

336.    The Village Board's failure to take final action on Plaintiffs' appeal and request for a variance deprived Plaintiffs of the procedural due process that protects Plaintiffs' substantive property rights under the Zoning Ordinance.

337.    The Village Board's failure to take final action on Plaintiffs' appeal resulted in a deprivation of Plaintiffs' property interest in the development and use of Parcel A.

338.    The Defendant Village's failure to take final action on Plaintiffs' appeal and request for a variance deprived Plaintiffs of all permitted uses under the M-1 zoning classification.

339.    The Defendant Village's failure to take final action on Plaintiffs' appeal and request for a variance deprived Plaintiffs of their rights under the Zoning Ordinance.

340.    As a direct and proximate result of the Village Board's failure to take final action on Plaintiffs' appeal and request for a variance, and the Mayor's failure to enforce the zoning ordinance to require the Board to take final action, the Defendant Village deprived Plaintiffs of their property rights secured by the Fourteenth Amendment to the United States Constitution.

341. The Defendant Village failed to initiate legitimate eminent domain proceedings to legally acquire the Plaintiffs' property to install a roadway for public use from Drom Court, across Parcels B, C, and D, to Anita Street.

342. At all times relevant hereto, the conduct of the Defendant Village, and of the Defendants Gerald T. Johnson, Daniel F. Yost, Edward A. Macek, Scott A. Pierce, Ted P. Poulos, Mary C. Dominiak, and Lawrence M. Hanson, occurred under color of law.

343. As a direct and proximate result of the official conduct of the Village Board and the Mayor, the Defendant Village violated local law and failed to apply local law in an equal manner.

344. As a direct and proximate result of the failure to take final action on Plaintiffs' appeal, the Defendant Village deprived Plaintiffs of their constitutionally-protected property interests in Parcel A.

345. As a direct and proximate result of the failure to take final action on Plaintiffs' appeal, the Defendant Village deprived Plaintiffs' of their substantive property rights without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

346. As a direct and proximate result of the Village Board's failure to take final action on Plaintiffs' appeal and the Mayor's failure to enforce the zoning ordinance, the Defendant Village cause Plaintiff to suffer damages of a pecuniary nature, including loss of use of Parcel A, continuing money damages, attorney fees, other professional fees, and other pecuniary losses.

347. As a direct and proximate result of the conduct of Defendants Gerald T. Johnson, Daniel F. Yost, Edward A. Macek, Scott A. Pierce, Ted P. Poulos, Mary C. Dominiak, and Lawrence M. Hanson, the Defendant Village is liable to the Plaintiffs for civil damages and other relief for the violation of Plaintiffs' civil rights.

WHEREFORE, for the foregoing reasons, Plaintiffs pray this Honorable Court grant judgement on their behalf and against the Defendant Village of Antioch, Illinois on Count I of Plaintiffs' Complaint, and grant Plaintiffs the following relief:

- Compensatory damages and in an amount in excess of $100,000;

- Plaintiffs' reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

- Grant Plaintiffs the legal right to the requested permit as a consequence of the concerted activity of the defendant public officials in failing to comply with local law and in failing to apply local law in an equal manner;

- Remand Plaintiffs' appeal to the Village Board with instructions for the Village Board to take final action on Plaintiffs' appeal and request for a variance and to grant Plaintiffs their requested permit;

- Grant Plaintiffs the right to the free use of their property as permitted by law; and,

- For such other and further relief as the Court deems just and proper.

**Count III**
**Conspiracy – Illinois Common Law**
**Against the Defendant Village and Defendants Gerald T. Johnson, Daniel F. Yost, Edward A. Macek, Scott A. Pierce, Ted P. Poulos, Mary C. Dominiak, and Lawrence M. Hanson, in their individual capacity**

348-447. Plaintiffs adopt by reference thereto as though fully incorporated herein, paragraphs 1-100 of Plaintiffs' Complaint as paragraphs 348 through 447 of Count III herein.

448. At the time of the August 12, 2019 Village Board meeting, Plaintiffs had satisfied all of the legitimate requirements of the Zoning Ordinance to receive approval of the site plan and variance sought in Plaintiffs' appeal.

449. The Defendants Gerald T. Johnson, Daniel F. Yost, Edward A. Macek, Scott A. Pierce, Ted P. Poulos, Mary C. Dominiak, and Lawrence M. Hanson knew that the Village Board was required by the Zoning Ordinance to take final action on Plaintiffs' appeal and request for a variance

450.    The Defendants Gerald T. Johnson, Daniel F. Yost, Edward A. Macek, Scott A. Pierce, Ted P. Poulos, Mary C. Dominiak, and Lawrence M. Hanson knew that if the Village Board voted to deny Plaintiffs' appeal and variance, Plaintiffs would have legal recourse in State court.

451.    The Defendants Gerald T. Johnson, Daniel F. Yost, Edward A. Macek, Scott A. Pierce, Ted P. Poulos, Mary C. Dominiak, and Lawrence M. Hanson also knew that the failure to make a motion to approve Plaintiffs' site plan would deprive the Plaintiffs of their right to "final action" under the Zoning Ordinance.

452.    Upon information and belief, prior to the August 12, 2019 Village Board meeting, each of the Defendants, Gerald T. Johnson, Daniel F. Yost, Edward A. Macek, Scott A. Pierce, Ted P. Poulos, Mary C. Dominiak, and Lawrence M. Hanson, discussed Plaintiffs' case outside of a public meeting and agreed that the Village Board would refrain from taking final action on Plaintiffs' appeal and request for a variance at the August 12, 2019 Village Board meeting.

453.    By their agreement, each of the Defendants agreed to commit an unlawful act.

454.    Each of the Defendants, Gerald T. Johnson, Daniel F. Yost, Edward A. Macek, Scott A. Pierce, Ted P. Poulos, and Mary C. Dominiak, acted in furtherance of their agreement by failing to take final action on Plaintiffs' appeal and request for a variance, at the August 12, 2019 Village Board meeting.

455.    At all time relevant hereto, the Village Board had a duty under the Zoning Ordinance to take final action on Plaintiffs' appeal and request for a variance.

456.    Each of the Defendants, Gerald T. Johnson, Daniel F. Yost, Edward A. Macek, Scott A. Pierce, Ted P. Poulos, Mary C. Dominiak, and Lawrence M. Hanson knew the Village

Board had a duty under the Zoning Ordinance to take final action on Plaintiffs' appeal and request for a variance.

457.    At all times relevant hereto, the Village Mayor had a duty under Illinois law to enforce the ordinances of the Village of Antioch, Illinois.

458.    At all times relevant hereto, each of the Defendants, Gerald T. Johnson, Daniel F. Yost, Edward A. Macek, Scott A. Pierce, Ted P. Poulos, Mary C. Dominiak, and Lawrence M. Hanson knew that the Village Mayor had a duty under Illinois law to enforce the ordinances of the Village of Antioch, Illinois.

459.    Defendant Lawrence M. Hanson acted in furtherance of the agreement among the defendants, by failing to enforce the Zoning Ordinance to require the Village Board to take final action on Plaintiffs' appeal and request for a variance at the August 12, 2019 Village Board meeting.

460.    The Defendants conspired to deprive Plaintiffs' of their rights under the Zoning Ordinance in order to force Plaintiffs to construct a roadway across Plaintiffs' property from Drom Court to Anita Street, at Plaintiffs' expense, and to force the Plaintiffs to give the Village an easement for public use of the road.

461.    At all times relevant hereto, each of the Defendants knew that it was unlawful to use the Village Board's site plan approval authority to force the Plaintiffs to construct a roadway across Plaintiffs' property, at Plaintiffs' expense, and to then require Plaintiffs to give the Village an easement for public use of the road.

462.    The Defendants used the Village's site plan approval authority to attempt to force Plaintiffs into constructing a road across Plaintiffs' private property, at Plaintiffs' expense, so

that the Village could then take Plaintiffs' private property for public roadway purposes, without compensation.

463. The Defendants' plan to force Plaintiffs into constructing a road across Plaintiffs' private property, at Plaintiffs' expense, so that the Village could then take Plaintiffs' private property for public roadway purposes, without compensation constitutes inverse condemnation.

464. The Defendants' plan for the Village to acquire Plaintiffs' property for public roadway purposes by inverse condemnation was an unlawful purpose.

465. The Defendants' agreement to withhold final Village Board action on Plaintiffs' appeal and request for a variance violated the Zoning Ordinance.

466. By failing to take final action on Plaintiffs' appeal and request for a variance unless Plaintiffs submitted to inverse condemnation, each of the Defendants committed an unlawful act for an unlawful purpose.

467. At all times relevant hereto, each of the Defendants knew it was unlawful for government to take private property for public use, without just compensation.

468. By planning to withhold final action and enforcement of the Zoning Ordinance, and by their subsequent conduct of withholding final action and enforcement of the Zoning Ordinance, each the Defendants conspired to deprive Plaintiffs' of rights secured by the Zoning Ordinance, and each of the Defendants took actions in furtherance of the conspiracy.

469. Each of the Defendants knowingly and voluntarily participated in a common scheme to commit a violation of the Village Zoning Ordinance in order to force Plaintiffs to construct a road and allow the Defendant Village to acquire it by inverse condemnation, in exchange for the Defendant Village's approval of Plaintiffs' site plan.

470. The conduct of the Defendants was intentional and taken with conscious disregard for the rights of the Plaintiffs.

471. The conduct of the Defendants was intentional, taken in violation of the Zoning Ordinance, and with corrupt motives.

472. As a direct and proximate result of the conduct of the Defendant Village and Defendants Gerald T. Johnson, Daniel F. Yost, Edward A. Macek, Scott A. Pierce, Ted P. Poulos, Mary C. Dominiak, and Lawrence M. Hanson, Plaintiffs suffered a deprivation of their property interests in Parcel A.

473. As a direct and proximate result of the conduct of the Defendant Village and Defendants, Gerald T. Johnson, Daniel F. Yost, Edward A. Macek, Scott A. Pierce, Ted P. Poulos, Mary C. Dominiak, and Lawrence M. Hanson, Plaintiffs suffered damages of a pecuniary nature, including loss of use of Parcel A, continuing money damages, attorney fees, other professional fees, and other pecuniary losses.

474. The Defendant Village and the Defendants Gerald T. Johnson, Daniel F. Yost, Edward A. Macek, Scott A. Pierce, Ted P. Poulos, Mary C. Dominiak, and Lawrence M. Hanson are liable to the Plaintiffs for civil damages and other relief for the violation of Plaintiffs' rights.

WHEREFORE, for the foregoing reasons, Plaintiffs pray this Honorable Court grant judgement on their behalf and against the Defendant Village, and Defendants Gerald T. Johnson, Daniel F. Yost, Edward A. Macek, Scott A. Pierce, Ted P. Poulos, Mary C. Dominiak, and Lawrence M. Hanson, in their individual capacity, on Count III of Plaintiffs' Complaint, and grant Plaintiffs the following relief:

- Compensatory damages from the Defendant Village and in an amount in excess of $100,000;

- Punitive damages against each of the Defendants, Gerald T. Johnson, Daniel F. Yost, Edward A. Macek, Scott A. Pierce, Ted P. Poulos, Mary C. Dominiak, and Lawrence M. Hanson, in their individual capacity, and in an amount in excess of $300,000; and

- For such other and further relief as the court deems just and proper.

Respectfully submitted,

/s/ James T. Harrison
James T. Harrison
Attorney for Plaintiffs

Harrison Law Offices, P.C.
684 S. Eastwood Drive
Woodstock, IL 60098
815-338-7773
Atty. No. 6207020
jharrison@harrisonlawoffices.com